UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIAN M. POULLOS,

       Plaintiff,                             Case Number 16-11990

v.                                           Honorable David M. Lawson

VINCE & JOE'S FRUIT MARKET —
SHELBY, INC.,

       Defendant.
_____/

## ORDER GRANTING MOTION TO APPROVE SETTLEMENT, DISMISSING CASE, AND STRIKING IMPROPER FILING

This matter is before the Court on a joint motion by the parties to approve the terms of their settlement agreement. The plaintiff brought suit under the Fair Labor Standards Act, alleging that the defendant failed to pay him an overtime premium wage required by law, because the defendant misclassified him as a supervisory employee. An employee's rights to a minimum wage and overtime premium wages under the FLSA are mandatory and are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). An exception to that general rule exists when a bona fide dispute arises between the employee and employer, and that dispute is settled under court supervision. *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (citing *Lynn's Food Stores v. United States,* 679 F.2d 1350 (11th Cir. 1982)). The Court's obligation in reviewing settlements of FLSA claims is to "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 09-1608,

2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)).

The Court held a hearing on December 28, 2016, and during that hearing the parties put the terms of their proposed settlement on the record. The settlement agreement contained a confidentiality provision that prevents the plaintiff from telling others about the results of this case. As a general matter, it is thought that "'[a] confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights.'" *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1031 (W.D. Tenn. 2016) (quoting *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)). However, because the terms of the settlement were placed on the record in open court, that general concern is mitigated here. The settlement appears to have made the plaintiff nearly whole with respect to the unpaid overtime wages, and it included an attorney's fee in a reasonable amount. The parties each asked the Court to approve the agreement, and it does not appear that there is any danger of collusion for the purpose of skirting the requirements of the FLSA. At the end of the hearing, the Court found that the settlement was fair, adequate, and reasonable and announced from the bench its decision to grant the joint motion to approve the settlement.

The joint motion also included as an exhibit a proposed order granting the motion. It is inappropriate for any party to file a proposed or stipulated order on the docket. "Proposed orders must be submitted to the judge to whom the case is assigned . . . via the link located under the Utilities section of CM/ECF." E.D. Mich. Electronic Filing Policies and Procedures R11(a). If a proposed order is accepted, the Court will then docket it with the Judge's electronic signature.

"Proposed" orders should never be e-filed and docketed by a party. The Court therefore will strike the improperly filed proposed order.

Accordingly, for the reasons stated on the record, it is **ORDERED** that the joint motion of the parties to approve the settlement agreement [dkt. #17] is **GRANTED**, and the settlement is **APPROVED**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE** and without costs to any party. Either party may apply to reopen the case to enforce the settlement agreement **on or before January 29, 2017**.

It is further **ORDERED** that Exhibit A of the joint motion [ECF Doc. No. 17-1] is **STRICKEN**.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Dated: December 29, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 29, 2016.

> s/Susan Pinkowski
> SUSAN PINKOWSKI

---